WILSHIRE OIL COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 67179, 73955. Promulgated February 10, 1937.

*Joseph D. Brady, Esq.*, for the petitioner.
*Hartford Allen, Esq.*, for the respondent.

OPINION.

STERNHAGEN: These proceedings were submitted upon stipulations of facts. They present a single question of law in respect of deficiencies for 1929 and 1930, governed by the Revenue Act of 1928. In each the Commissioner, limiting the petitioner's depletion allowance in the case of oil wells to 50 percent of the net income from the property, as required by section 114 (b) (3), has treated such net income as reduced by the undisputed development expenses which in the taxable years were taken by the taxpayer as deductions, consistently with an election made in earlier years. The petitioner con-

---

tends that the net income from the property, 50 percent of which gauges the limitation of the depletion deduction, should be computed without the deduction for such development expenses. The provisions of section 114 (b) (3), Revenue Act of 1928, and section 204 (c) (2), Revenue Act of 1926, are identical in language and, as to the 1926 Act, the petitioner's contention was completely sustained in *Ambassador Petroleum Co.* v. *Commissioner*, 81 Fed. (2d) 474, reversing 28 B. T. A. 868. If the present proceedings were controlled by the 1926 Act, that decision would be controlling and would, without more, require the reversal of the Commissioner's present determinations. *Mountain Producers Corporation*, 34 B. T. A. 409 (on review, C. C. A., 10th Cir.).

But the Commissioner argues that the present cases are distinguishable from *Ambassador Petroleum Co.* v. *Commissioner, supra,* because they arise under the 1928 Act and are therefore affected by article 221 (*i*) of Regulations 74, in which the net income from the property, for the purpose of the 50 percent limitation on depletion, is required to be reduced by the amount of development expenses if they have been taken as a deduction in the determination of taxable net income. Thus the Commissioner, by virtue alone of his regulation, seeks an interpretation of the identical terms of the 1928 Act different from the authoritative judicial interpretation of such terms in the 1926 Act. This would give to his regulation a sanction greater than that of the adjudicated meaning of the same term. This is without support. To the contrary, if the meaning of the expression in the 1928 Act were not controlled by the adjudication under the 1926 Act, there would still be support for finding the same meaning in the 1928 Act because of the manifest legislative intention found in the House and Senate reports on the 1928 bill. These, like their predecessors, treat the term "net income from the property" in the depletion section as meaning operating income, a meaning which had been adopted in the administration of the statute. The court held also that reason leads to the same meaning. The Commissioner is without power to change this meaning by a regulation.

The Commissioner says that since the petitioner has elected to deduct its development expenses, the effect of this deduction must be treated as inherent in the election. The election, however, was made long before percentage depletion or its limitation was contemplated. Prior to 1926 the effect of the election was to establish a consistent practice as between deduction and capitalization of development expenses for the purpose of computing taxable net income of the year. This consequence of the election is still effective, but there is no equitable consideration which requires its expansion to reduce the depletion allowance, a consequence unthought of when the election was made.

## 452

It results that for years controlled by the Revenue Act of 1928, the taxpayer is entitled to have the 50 percent limitation of its depletion allowance computed upon the net income from the property without reduction by the amounts deducted by it in the taxable years as development expenses or the related depreciation.

*Judgment will be entered under Rule 50.*